**RAINEY v. NEW ORLEANS PUBLIC SERVICE, Inc.**

**No. 16177.**

Court of Appeal of Louisiana. Orleans.

Jan. 11, 1937.

George M. Brooks and Maurice Woulfe, both of New Orleans, for appellant.

Ivy G. Kittredge, of New Orleans, for appellee.

WESTERFIELD, Judge.

This is an appeal from a judgment dismissing plaintiff's suit for $5,000 as damages for physical injuries alleged to have been sustained by plaintiff as the result of a fall while alighting from a street car owned and operated by the defendant corporation. The accident occurred on February 8, 1934, as 8:30 p. m., when, it is alleged, plaintiff, Lefaniel Rainey who had been a passenger on a Freret street car, attempted to alight and, having one foot on the ground and one on the step,

"the conductor suddenly, without warning to petitioner, signalled the motorman to start the car and slammed the door of the car closed, which caused the last step upon which petitioner's weight was still resting to fly up in place, causing petitioner to be thrown violently to the ground." His injuries consist of a sprained back, dislocated hip, contusions of body and legs, and internal injuries.

The defendant denied that plaintiff's fall was in any way due to the negligence or fault of its conductor or other employees, averring that plaintiff, "after safely alighting from the car, which then proceeded on its way, walked towards the sidewalk, lurched and fell into the street near or against the gutter curb."

The car on which the plaintiff was riding and from which he subsequently alighted was equipped with an automatic door controlled by a lever which, when operated by the conductor, folds up the steps depending from the rear platform.

According to the testimony of plaintiff, an illiterate negro farm hand, he had stepped down from the platform with his full weight on his right foot and his left foot on the step "just depending on relieving the car," when it gave a jerk and precipitated him to the ground. The premature closing of the automatic door, he says caused his fall, or, as he puts it, "the car hit me when the door was snatched."

He is corroborated by Percy Mitchell and James White, who testified in his behalf.

John Hasselbeck, a conductor of eighteen years' experience, was in charge of the Freret car from which plaintiff alighted. He testified that as Rainey stepped down from the car to the ground he continued to maintain his hold on the handle bar placed on the side of the car for the use of passengers in alighting from and boarding the car, and that, after requesting him to remove his hand, he closed the doors and signalled the motorman to start the car; that he believed Rainey was intoxicated, because after boarding his car at Seventh and Dryades streets he remained on the rear platform leaning his head against the controller box and mumbling to himself, requiring considerable effort on his part to arouse him sufficiently to collect his fare; that after he had alighted from the car he held to the handle bar, requesting a match,

and only released his hold when told that he (Hasselbeck) had no match to give him. Hasselbeck did not know that Rainey was injured until a few minutes after the accident, when he reached Canal street and the motorman on a car which was behind him informed him that a passenger had been injured after leaving his car.

Garland Phillips, the motorman on a S. Claiborne street car which trailed the Freret street car, testified that he saw Rainey pause after alighting, walk a few steps towards the sidewalk, lurch and fall after the Hasselbeck car had started; that he believed Rainey was drunk and for that reason did not stop his car or make any inquiry concerning the accident.

Harvey Jones testified on behalf of defendant that he was in the vicinity of the accident at the time, but did not see it because he was on the other side of the street car, but that after the street car had passed he saw a man lying on the edge of the curbing and called for help and left the place when a groceryman and a bystander came to the assistance of the prostrate man.

Patrolman Hudson Kelly, accompanied by Sergeant Morris of the Police Department, arrived at the scene of the accident shortly after its occurrence. When they arrived, Rainey was lying on the sidewalk on the corner of Erato and Baronne streets. Officer Kelly interrogated Rainey as to the cause of the accident and, according to Kelly, Rainey said that on getting off the car via the right rear door, in some way that he did not know, he slipped and fell off the steps. Kelly embodied this statement of the accident in a report to the Police Department which he produced.

Sergeant Morris testified that he was with Officer Kelly, but did not hear what Rainey told him.

Mitchell Francois, testifying on behalf of plaintiff, stated that he had been with Rainey just before the accident and that Rainey was not intoxicated. All witnesses agree that it was raining at the time of the accident.

After considereing the testimony which we have outlined, we have reached the conclusion that the trial court, in holding that the plaintiff had failed to make out his case with legal certainty, was not guilty of manifest error. The learned judge a quo was evidently on the opinion that the statement of the plaintiff given

to Officer Kelly just after the accident in which no mention was made of the premature closing of the automatic steps by the conductor was more convincing than the later account of the accident given by plaintiff and his corroborating witnesses. Certainly such a statement given immediately after the injury, if believed, must be given great weight, since it is more likely to reflect the plaintiff's appreciation of the cause of the accident than any subsequent statement he could make. It is very likely, in view of the rain and consequent slippery footing, that plaintiff's fall was occasioned by his failure to take the necessary precaution to prevent slipping on this wet pavement. In any event, the record does not justify a holding on our part that the accident was due to the negligence of defendant's servant, particularly since the trial court held otherwise on the facts presented.

For the reasons assigned, the judgment appealed from is affirmed.

Affirmed.